IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:09CR213.1 |
| | § | |
| DENNIS RAY HIXSON | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 26, 2012, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by James Peacock.

On October 7, 2010, Defendant was sentenced by the Honorable Michael H. Schneider, United States District Judge, to a sentence of time served followed by a 3-year term of supervised release, for the offense of mail fraud and possession of firearms and ammunition by a felon. Defendant began his term of supervision on October 7, 2010.

On April 13, 2012, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 266). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer; (2) As directed by the probation officer, Defendant shall notify third parties of risks that may be occasioned by the defendant's

1

criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and (3) Defendant shall be placed on home detention for a period not to exceed 24 months, to commence immediately. During this time, Defendant shall remain at his place of residence except for employment or other activities approved in advance by the U.S. Probation Officer. Defendant shall maintain a telephone at his residence without "call forwarding," "a Modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, Defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. Defendant is to pay for the cost associated with his program of electronic monitoring.

The Petition alleges that Defendant committed the following violations: (1) On February 21, 2012, Defendant was instructed to provide the U.S. Probation Office with information regarding who was aware of his criminal history and federal supervision at his new place of employment with Lake Worth ISD. Defendant untruthfully reported that Lori Ann Davis was an employee of Lake Worth ISD and was aware of his criminal history and supervision. After discovering Ms. Lori Davis was not an employee of Lake Worth ISD, Defendant was instructed again to provide the U.S. Probation Office with contact information of who at Lake Worth ISD was aware of his criminal history and supervision. Defendant reported that Technology Director Dru Goodwin was aware. On March 21, 2012, Dru Goodwin reported to Senior U.S. Probation Officer Linda Werner that he was never aware of the defendant's criminal history or supervision. On March 22,2 012, Defendant was questioned regarding his whereabouts, and he untruthfully reported being in the Emergency Room at Dallas Methodist Hospital; (2) On February 20, 2012, Defendant reported he secured employment at Lake

Worth ISD as a computer engineer in the Technology Department. He was instructed to notify the employer of his criminal history, nature of the offense and supervision due to possible third party risks. Defendant failed to notify his employer as directed; and (3) On March 22, 2012, Defendant was in violation of his home confinement schedule by falsely reporting he was in the emergency room at Dallas Methodist Hospital. Furthermore, he failed to return to his residence as scheduled on the same date. He reported he stayed out all night driving around and parked in a Walmart parking lot in Fort Worth, TX, and slept in his car. Additionally, Defendant tampered with his electronic monitoring equipment by removing the transmitter device from his ankle without the permission of the U.S. Probation Office.

At the hearing, the Court heard the testimony of Linda Werner regarding the recommended sentence. Werner recommended nine months imprisonment with 27 months supervised release due to the pattern of deception as to his admitted violations. Based on the nature of Defendant's violations, the Court recommends that he be sentenced to nine (9) months imprisonment with 27 months supervised release to follow. As an additional term of supervised release, the Court recommends that Defendant shall have no access to computer technology and shall not work in the information technology filed during his supervised release. Defendant entered a plea of true to the alleged violations. The Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the April 26, 2012, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with 27 months supervised release to follow.

**SIGNED this 11th day of May, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE